**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Cesario RUIZ–ROJO, Defendant–**
**Appellant.**

**No. 06–10707.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 14, 2008.*

Filed April 28, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gary M. Restaino, Assistant U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Alex Gonzalez, Gonzalez & Smith PC, Chandler, AZ, for Defendant–Appellant.

Before: FERGUSON, TROTT, and THOMAS, Circuit Judges.

## MEMORANDUM **

Cesario Ruiz–Rojo appeals his jury conviction for harboring undocumented immigrants, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (a)(1)(B)(i). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm the conviction.

Ruiz–Rojo first contends that the district court erred by permitting a witness to testify that she planned to pay her smuggling fee "with her body." We find that the district court abused its discretion by admitting this testimony. *See United States v. Rivera*, 43 F.3d 1291, 1296 (9th Cir.1995) (applying abuse of discretion standard to decisions to admit testimony). Without any evidence that Ruiz–Rojo was privy to, or would benefit from, the witness's payment arrangement with a third party, the probative value of the evidence was low and its admission was highly prejudicial. *See* Fed.R.Evid. 403; *United States v. Gonzalez–Flores*, 418 F.3d 1093, 1098 (9th Cir.2005).

However, given the amount of evidence elicited at trial that supports the jury's guilty verdict, we conclude that there is a "fair assurance" that the admission of the testimony was harmless and that "it is more probable than not that the error did not materially affect the verdict." *Gonzalez–Flores*, 418 F.3d at 1099 (internal quotation marks omitted). Because we conclude that the error was harmless, we

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

do not reverse the district court's decision to admit the unduly prejudicial testimony.

Ruiz–Rojo next contends that the district court violated his rights under the Confrontation Clause of the Sixth Amendment by admitting into evidence a border patrol agent's testimony that individuals encountered at Ruiz–Rojo's residence were later processed for return to their country of origin. We find this contention without merit. The witness's testimony about his personal observations does not establish a Confrontation Clause violation. *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Further, Ruiz–Rojo was afforded the opportunity to cross examine the witness at the time of the trial. *Id.* at 68, 124 S.Ct. 1354. Accordingly, we cannot conclude that the district court erred when it admitted the agent's testimony.

**AFFIRMED.**